UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| JASON MICHAEL GRIFFIN and his wife ANDREA GRIFFIN,     Plaintiffs. | CIVIL CASE |
| | DOCKET NO. |
| VERSUS | DISTRICT JUDGE |
| Little Sabine, Inc., Margaritaville Enterprises, LLC, Margaritaville Holdings LLC, Margaritaville of Pensacola Hotel, LLC, and American Automobile Insurance Company,     Defendants. | MAGISTRATE |
| | JURY DEMAND |

**COMPLAINT WITH JURY DEMAND**

**MAY IT PLEASE THE COURT:**

COME NOW plaintiffs, Jason Michael Griffin and his wife Andrea Griffin, both adults of the full age of majority domiciled and living in the Parish of St. Tammany, State of Louisiana, who submit this Complaint for personal injuries and damages arising there from, and in support hereof plaintiffs state as follows:

**1.**

Named defendants herein are –

    a.    Little Sabine, Inc., a foreign corporation formed under the laws of the State of Delaware with its principal place of business located in Pensacola, Florida;

    b.    Margaritaville Enterprises, LLC, a foreign limited liability corporation formed under the laws of the State of Delaware with its principal place of business located in Orlando, Florida;

    c.    Margaritaville Holdings, LLC, a foreign limited liability corporation formed under the laws of the State of Delaware with its principal place of business located in Palm Beach, Florida;

1

    d.    Margaritaville of Pensacola Hotel, LLC, a foreign limited liability corporation formed under the laws of the State of Delaware with its principal place of business located in Orlando, Florida; and

    e.    American Automobile Insurance Company, a foreign insurance company authorized to do and doing business in the County of Escambia, State of Florida, and who on information and belief issued and had in force and effect a policy of general liability insurance in favor of the Margaritaville Beach Hotel in Pensacola Beach, Florida, which provides coverage for the injuries and damages described herein below.

**2.**

On information and belief, none of the members of either Margaritaville Enterprises, LLC, Margaritaville Holdings, LLC, or Margaritaville of Pensacola Hotel, LLC, are domiciled or maintain a principal place of business in the State of Louisiana.

**3.**

Diversity jurisdiction is established pursuant to 28 U.S.C. § 1332, because the adverse parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**4.**

Venue is proper in the Northern District of Florida, Pensacola Division, under 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

**5.**

Venue is also proper in the Northern District of Florida, Pensacola Division, because defendants regularly conduct business within the jurisdictional boundaries of this court.

**6.**

On or about October 12, 2012, plaintiffs, Jason Michael Griffin and his wife Andrea Griffin, were on their honeymoon at the Margaritaville Beach Hotel in Pensacola, Florida. Later that evening after the sun had set, Jason Griffin decided to walk out onto the beach to look at the

stars.  It was a dark night with little to no moonlight, and the boardwalk connecting the hotel with the beach was not lit so it was very difficult to for him to navigate the area.

**7.**

When petitioner made his way back toward the hotel, he approached a set of stairs that was not lit, was very dark and portions of which were pitch black so as to be completely hidden from view.  There were no hand rails along the stairs and no other way down, so petitioner had no choice but to hold on to the ledge and try to feel his way down the flight of stairs.

**8.**

As Petitioner made his way down the stairs, he lost his footing, stumbled, tripped and fell, landing on the side of his foot thereby sustaining severe, permanent and debilitating injuries to his left leg, foot and ankle.

**9.**

As a direct and proximate result of the gross negligence of the defendants, plaintiff, Jason Griffin, was caused to suffer a closed fracture in his left foot, swelling, cuts, bruises and extreme radiating pain.  The left foot remained extremely painful for months to the point that Petitioner could not bear any weight on it, and when he saw no improvement after about six months he presented for additional testing and learned that the break still had not healed.  In total, it took nearly twelve months before the fracture finally fused, and when it did the break did not heal properly leaving the area permanently deformed and painful.

**10.**

Petitioner continues to experience pain and suffering as a result of the fracture, and he has difficulty bearing weight on his left leg and foot as a result. Petitioner has even had to modify the way he walks and distributes his weight to compensate for the permanent injuries to his foot and leg.

**11.**

As a direct result of having to modify his gait and posture, compounded by the constant lifting, squatting, bending and maneuvering of heavy packages because of Petitioner's work, Petitioner also began experiencing severe lower back pain that started shortly after the accident and has gotten progressively worse as Petitioner continued to work.

**12.**

Petitioner was out of work for several weeks following the accident; however, for financial reasons he was forced to return to work on very light duty. Petitioner worked as a FedEx carrier delivering packages, and he had gone from working approximately 30 hours a week prior to the accident to less than half that following the accident. Petitioner has also not been able to earn extra income during the peak Christmas season, which has forced Petitioner and his family to experience severe financial hardship.

**13.**

Petitioner's employer eventually discontinued his light duty status and returned him to regular duty, but when Petitioner's foot did not heal and as his back continued to deteriorate as a result, he requested that he be returned to light duty status or at least have his hours reduced to account for his injuries. Petitioner's employer, however, rejected his request and at that point the pain became so severe that he had no choice but the quit his job.

**14.**

Petitioner is currently unemployed and unable to work because of the severe and debilitating injuries to his back and foot. Petitioner still cannot keep weight on his leg and foot for long periods of time and his back has progressed to the point of rendering him completely disabled.

**11.**

As a direct and proximate result of the above described incident, plaintiff, Jason Griffin, has suffered and will continue to suffer –

    a. Past, present and future physical pain and suffering;

    b. Past, present and future emotional distress;

    c. Past, present and future medical care, treatment and expenses;

    d. Past, present and future lost wages and loss of business opportunity;

    e. Loss of earning capacity;

    f. Permanent and debilitating injuries to his left lower extremity and lower back;

    g. Permanent disability;

    h. Loss of enjoyment of life; and

    i. Any other damages that may be proved at trial.

**12.**

Due to the physical debility and emotional incapacity of her husband, plaintiff, Andrea Grifffin, also has been deprived of the love, affection and consortium of her husband, Jason Griffin. Plaintiff, Andrea Griffin's claims are further exacerbated by the fact that she was present at the time of her husband's injuries, experienced extreme fear for his safety and well-being, and has had to spend the first years of their marriage managing his household responsibilities while he remained incapacitated from the injuries he sustained while on their honeymoon.

**13.**

As a result of the above and foregoing accident, plaintiffs, Andrea and Jason Griffin, also lost the value of their honeymoon vacation, including but not limited to –

    a. Travel costs and expenses including gas and mileage;

    b. Hotel fees and room charges;

    c. Meals and accommodations;

    d.  Used vacation time;

    e.  Per diem; and

    f.  Any and all other incidental charges and expenses associated with the planning, travel and anticipated enjoyment of their honeymoon vacation, all of which is due and owing as special damages arising from defendants' negligence.

**14.**

The above and foregoing injuries of the plaintiffs and each of them were directly and proximately caused by the negligence, carelessness and complete disregard for human safety of the defendants and each of them because as the owners of the Margaritaville Beach Hotel they had a duty to ensure that their Hotel was safe and free from any defects and did not pose an unreasonable risk of harm to their patrons. However, in this case, defendants and each of them caused plaintiff to suffer severe and irreversible harm by -

    a.  Failing to inspect and maintain the premises;

    b.  Failing to ensure proper lighting on the stairways and walkways to ensure that all pedestrian walkways were appropriately lit and did not present an unreasonable risk of danger to the guests staying at the Hotel;

    c.  Failing to retrofit and/or install sea turtle friendly light fixtures designed to balance the sea turtle protection efforts with the need for human safety;

    d.  Failing to comply with state and local laws regulating the lighting requirements for recreational establishments;

    e.  Negligently designing and implementing a "sea turtle protection" policy with a reckless disregard for human safety;

    f.  Strict premises liability;

    g.  Failure to warn of a known hazard;

    h.  Failure to warn of a latent defect in the property;

    i.  Failure to advise guests that the Hotel had turned off the walkway lights and/or provide guests with flashlights or other suitable lighting to minimize any risks associated with the Hotel's decision to turn off the walkway lights; and

    j.  Any other acts of negligence which may be proved at trial.

**15.**

Defendant, American Automobile Insurance Company, is liable unto plaintiffs for the above acts, errors and omissions of the defendants and each of them because it issued a policy of general liability insurance in favor of the Margaritaville Beach Hotel, which policy was in full force and effect on the date of the incident and provides coverage for the specific acts enumerated herein. Defendant, American Automobile Insurance Company, is liable *in solido* for the acts of its insured(s) and is indebted to plaintiffs for their losses.

**16.**

Defendants and each of them are liable to plaintiffs jointly, severally and *in solido* for the above described negligence, carelessness and want of attention to human safety.

**17.**

Plaintiffs have made amicable demand but to no avail.

**JURY DEMAND**

**18.**

Plaintiffs do hereby demand a trial by jury on all issues so triable.

**WHEREFORE,** plaintiffs, Jason Michael Griffin and his wife Andrea Griffin, pray that after due proceedings this court grant judgment in their favor, award them the cost of these proceedings, including their attorney's fees, and award them damages as are reasonable in the premises.

Respectfully submitted,

**LOEB LAW FIRM**

BY: _____
J. Scott Loeb (La #25771)
Lauren Fajoni Bartlett (Fla # 0573752; La #28311)
1180 West Causeway Approach
Mandeville, Louisiana 70471
Tel.: (985) 778-0220

                Fax:  (985) 246-5639
                Email:  sloeb@loeb-law.com
                   lbartlett@loeb-law.com
                ***Attorneys for plaintiffs, Jason Michael Griffin and his wife Andrea Griffin***

**PLEASE SERVE:**

Little Sabine, Inc.
Carol B. Harrison
4060 Barrancas Avenue
Pensacola, FL  32507

Margaritaville Enterprises, LLC
NRAI SERVICES, INC.
1200 South Pine Island Road
Plantation, FL 33324

Margaritaville Holdings, LLC
NRAI SERVICES, INC.
1200 South Pine Island Road
Plantation, FL 33324

Margaritaville of Pensacola Hotel, LLC
NRAI SERVICES, INC.
1200 South Pine Island Road
Plantation, FL 33324

American Automobile Insurance Company
Chief Financial Officer
1200 South Pine Island Road
Plantation, FL 33324

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

BEFORE ME, the undersigned Notary Public, came Jason Michael Griffin and his wife Andrea Griffin, and after being duly sworn, did depose as follows:

We have read and given thoughtful consideration to each of the factual allegations in the Complaint, and we affirm that we have provided the information to support the factual bases for these claims to the best of our ability. We further certify that the information contained in the Complaint is based on information conveyed to our attorneys based on our own personal knowledge and is true, accurate, correct and complete to the best of our knowledge and understanding.

_____        _____
**Jason Michael Grifffin**                                **DATE**


_____        _____
**Andrea Grifffin**                                       **DATE**


**Sworn to and subscribed before me,**
the undersigned notary public,
this _____ day of August, 2014.

_____
**NOTARY PUBLIC**